UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                          Case No. 11-CR-0072 (PJS/SER)

        Plaintiff,

v.                                                                          ORDER

ROGER BRUCE BUGH,

        Defendant.

---

Deidre Y. Aanstad, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for defendant Roger Bruce Bugh.

On June 16, 2011, a jury convicted defendant Roger Bugh of one count of being a felon in possession of a firearm. Docket No. 74. This matter is before the Court on Bugh's motion for dismissal of the indictment or, in the alternative, for a new trial under Rule 33(a) of the Federal Rules of Criminal Procedure. Bugh seeks relief on two primary grounds: (1) destruction of potentially exculpatory evidence by the investigating police officer; and (2) outrageous government conduct. Def. New Trial Mem. ("Def. Mem.") at 1 [Docket No. 84]. The Court addresses, and rejects, each ground in turn.

### A. *Destruction of Potentially Exculpatory Evidence*

The Due Process Clause requires the prosecution to disclose to the defendant material exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Suppression of such evidence is a due-process violation, regardless of whether the prosecution acted in good faith or bad faith. *Id.* But the government's failure to preserve *potentially* exculpatory evidence does not violate the Due Process Clause unless the government acted in bad faith, the evidence had apparent exculpatory value, and the defendant was unable to obtain comparable exculpatory

evidence through reasonably available means. *See United States v. Malbrough*, 922 F.2d 458,

463 (8th Cir. 1990) (citing *California v. Trombetta*, 467 U.S. 479, 488-89 (1984)). "[U]nless a

criminal defendant can show bad faith on the part of the police, failure to preserve potentially

useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488

U.S. 51, 58 (1988). The defendant has the burden of proof to establish bad faith by the

government. *United States v. Webster*, 625 F.3d 439, 447 (8th Cir. 2010).

   Bugh's conviction stems from his attempted sale of a firearm to Troy Nowland, a

confidential informant working for the Saint Paul Police Department. On January 6, 2011,

Nowland called Bugh to purchase a firearm. Trial Tr. — Officer Mark Nelson, vol. 1, June 14,

2011 ("Nelson TT, vol. 1") at 24-25 [Docket No. 78]; Trial Tr. — Troy Nowland, June 15, 2011

at 26-27 [Docket No. 77]. Officer Mark Nelson of the Saint Paul Police Department recorded

the telephone conversations between Bugh and Nowland using a digital recorder. Trial Tr. —

Officer Mark Nelson, vol. 2, June 15, 2011 ("Nelson TT, vol. 2") at 9, 18-19 [Docket No. 79].

During the next two weeks, Officer Nelson recorded additional telephone conversations between

Bugh and Nowland on January 11th, January 19th, and January 20th (the date of Bugh's arrest).

Nelson TT, vol. 1 at 26-27, 39, 53. At trial, Officer Nelson testified that when he downloaded all

of the telephone conversations between Bugh and Nowland, he was "surprised" to find that the

January 6th conversations were not on the recording device. Nelson TT, vol. 2 at 21. Officer

Nelson testified that he "must have" erased the January 6th recordings, but had no memory of

doing so. *Id.* at 20-21.

   Bugh argues that Officer Nelson acted in bad faith when he erased the January 6th

recordings. According to Bugh, bad faith can be inferred because Officer Nelson: (1) "offered

no explanation or justification" for why he erased the recordings; (2) did not write a report describing the contents of the recordings; and (3) failed to disclose the fact that he erased the recordings to either the government or defense before taking the stand.  Def. Mem. at 7.  Bugh's evidence, however, does not establish bad faith.

First, Officer Nelson credibly testified that he does not remember erasing the January 6th recordings.  He obviously cannot explain *why* he erased the recordings when he does not remember erasing them in the first place.

Second, Bugh has not submitted evidence that Saint Paul police officers are required to write reports describing the contents of recorded telephone conversations.  Therefore, that Officer Nelson did not write a report regarding the contents of the January 6th recordings does not demonstrate bad faith.

Finally, Officer Nelson candidly admitted to recording the January 6th telephone conversations during the prosecution's direct examination.  Nelson TT, vol. 2 at 9.  During the defense's cross-examination, he further admitted that he "must have" erased the recordings.  *Id.* at 20-21.  There is no evidence that, prior to Officer Nelson's appearance at trial, he had ever been *asked* about the January 6th recordings, or that he ever acted to hide his accidental erasure of those recordings from anyone.

Based on Officer Nelson's demeanor and the content of his testimony, the Court finds Officer Nelson's testimony that he did not remember erasing the January 6th recordings — and that, in fact, he was "surprised" to learn that the recordings had been erased — is credible.  Officer Nelson's failure to preserve the recordings was, at most, negligent.  Mere negligence,

however, does not amount to bad faith. *United States v. Houston*, 548 F.3d 1151, 1155 (8th Cir. 2008); *United States v. Iron Eye*, 367 F.3d 781, 786 (8th Cir. 2004).

Because Bugh has not carried his burden to establish bad faith on the part of the police, the Court need not decide whether the evidence had apparent exculpatory value when it was lost or whether Bugh could have obtained comparable evidence through reasonably available means. Bugh's motion for a dismissal of the indictment or, in the alternative, a new trial pursuant to Fed. R. Crim. P. 33 is denied.

### B. Outrageous Conduct

"Outrageous government conduct that shocks the conscience can require dismissal of a criminal charge, but only if it falls within the narrow band of the most intolerable government conduct." *United States v. Morse*, 613 F.3d 787, 792-93 (8th Cir. 2010) (quoting *United States v. Boone*, 437 F.3d 829, 841 (8th Cir. 2006)). "Government conduct is not outrageous simply because it may be somewhat offensive." *United States v. Musslyn*, 865 F.2d 945, 946-47 (8th Cir. 1989).

Bugh argues that because there was no evidence that he had ever unlawfully possessed a firearm, it was outrageous for the government to cut a deal with Nowland and encourage Nowland to try to buy a firearm from Bugh — conduct that would induce Bugh to acquire, and therefore temporarily and unlawfully possess, a firearm. Def. Mem. at 7-8. But the jury found that the government's conduct in this case did not even rise to the level of *entrapment*; it certainly did not "shock the conscience" of the Court. *See Morse*, 613 F.3d at 792; *Boone*, 437 F.3d at 842 ("[T]he rule that outrageous government conduct can foreclose criminal charges has been applied by our court almost exclusively to situations involving entrapment . . . .").

Confidential informants are regularly offered inducements to "set up" fellow criminals to get caught red-handed committing a crime. There is nothing to suggest that Nowland's "deal" was in any way unusual. That it took multiple telephone calls and surveillance operations on three different dates before Bugh obtained a firearm to sell to Nowland does not establish outrageous conduct on the part of law enforcement. Officer Nelson testified that although Bugh was not able to sell a firearm to Nowland on January 11th and January 19th, Officer Nelson decided to continue the operation because telephone conversations between Bugh and Nowland indicated that Bugh was in the process of obtaining a firearm. Nelson TT, vol. 1 at 35, 52. Considering the totality of the circumstances in this case, the Court finds that the government's overall conduct, while perhaps aggressive, was not so "intolerable" as to justify dismissing the charge against Bugh. *See Morse*, 613 F.3d at 793.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Roger Bruce Bugh's motion for dismissal of the indictment or, in the alternative, a new trial [Docket No. 75] is DENIED.

Dated: September 27, 2011                    s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge